UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

John Doe 157 and John Doe 158, by and
through their Guardians, John Doe 159 and
Jane Doe 135,

       Plaintiffs,

v.                                        Civil No. 10-3754 (JNE/SER)
                                              ORDER

Gregg Alan Larsen et al.,

       Defendants.

     "Every pleading must have a caption with . . . a title . . . .  The title of the complaint must

name all the parties . . . ."  Fed. R. Civ. P. 10(a).[1]  Nevertheless, a plaintiff may proceed

anonymously under certain circumstances.  *See, e.g.*, *Doe v. Elmbrook Sch. Dist.*, 658 F.3d 710,

721-24 (7th Cir. 2011); *Doe v. Megless*, 654 F.3d 404, 408-11 (3d Cir. 2011); *Plaintiff B v.*

*Francis*, 631 F.3d 1310, 1315-19 (11th Cir. 2011).  In this case, John Doe 157, John Doe 158,

John Doe 159, and Jane Doe 135 neither sought nor received leave to proceed anonymously.

Unless they move to proceed anonymously within seven days of the date of this Order, the Court

will dismiss this action without prejudice.  *See Elmbrook Sch. Dist.*, 658 F.3d at 721-22

(recognizing district court's independent duty to determine whether exceptional circumstances

warranted departure from normal method of proceeding in federal court); *Megless*, 654 F.3d at

406 (affirming district court's dismissal of action in which plaintiff failed to proceed using real

name after denial of his motion to proceed anonymously); *W.N.J. v. Yocom*, 257 F.3d 1171, 1172

(10th Cir. 2001) (stating that a party who "wishes to file a case anonymously or under a

pseudonym . . . must first petition the district court for permission to do so"; that permission, if

---

[1]     Unless the court orders otherwise, a filing that includes the name of a minor may only
include the minor's initials.  Fed R. Civ. P. 5.2(a).

granted, is often subject to "the requirement that the real names of the plaintiffs be disclosed to

the defense and the court but kept under seal thereafter"; and that "[w]here no permission is

granted, 'the federal courts lack jurisdiction over the unnamed parties, as a case has not been

commenced with respect to them'"); *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d

869, 872 (7th Cir. 1997) ("[W]e would be remiss if we failed to point out that the privilege of

suing or defending under a fictitious name should not be granted automatically even if the

opposing party does not object."); *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993) (stating

that "there is a judicial duty to inquire into the circumstances of particular cases to determine

whether" a party may proceed anonymously).  Any such motion shall be directed to the

magistrate judge.

IT IS SO ORDERED.

Dated: December 9, 2011

s/  Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge